989 A.2d 254

IN THE MATTER OF MICHAEL L. BLOCK,
AN ATTORNEY AT LAW.

February 17, 2010.

## ORDER

The Disciplinary Review Board having filed with the Court its decision in DRB 09–244, concluding that **MICHAEL L. BLOCK** of **VOORHEES,** who was admitted to the bar of this State in 1990, and who has been suspended from practice since March 21, 2007, should be suspended from the practice of law for a period of six months for violating *RPC* 1.1(a) (gross neglect), *RPC* 1.3 (lack of diligence), *RPC* 1.5(b) (failure to set forth basis of fee in writing), *RPC* 1.16(d) (failure to protect client's interests upon termination of representation), *RPC* 8.1(b) (failure to cooperate with ethics authorities), *RPC* 8.4(d) (conduct prejudicial to the administration of justice), and *Rule* 1:20–20(b)(10) (failure to timely file affidavit of compliance);

And the Disciplinary Review Board having further concluded that prior to reinstatement to practice, respondent should be required to submit proof of his fitness to practice and that on reinstatement, he should be supervised in his practice for a period of two years;

And good cause appearing;

It is ORDERED that **MICHAEL L. BLOCK** is suspended from the practice of law for a period of six months and until the further Order of the Court, effective immediately; and it is further

ORDERED that prior to reinstatement to practice, respondent shall submit to the Office of Attorney Ethics proof of his fitness to practice law as attested to by a mental health professional approved by the Office of Attorney Ethics; and it is further

ORDERED that following reinstatement to practice, respondent shall practice law under the supervision of a practicing attorney approved by the Office of Attorney Ethics for a period of two years and until the further Order of the Court; and it is further

ORDERED that respondent continue to comply with *Rule* 1:20–20 dealing with suspended attorneys; and it is further

ORDERED that pursuant to *Rule* 1:20–20(c), respondent's failure to comply with the Affidavit of Compliance requirement of *Rule* 1:20–20(b)(15) may (1) preclude the Disciplinary Review Board from considering respondent's petition for reinstatement for a period of up to six months from the date respondent files proof of compliance; (2) be found to constitute a violation of *RPC* 8.1(b) and *RPC* 8.4(c); and (3) provide a basis for an action for contempt pursuant to Rule 1:10–2; and it is further

ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further

ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs and actual expenses incurred in the prosecution of this matter, as provided in *Rule* 1:20–17.